# United States Court of Appeals
## For the First Circuit
_____

No. 01-1181


UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO GÓMEZ-GENAO,

Defendant, Appellant.

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

_____


Before

Lynch and Lipez, Circuit Judges,
and Doumar, Senior District Judge.[*]

_____


Ernesto Reyes Blassino, for appellant.
Guillermo Gil, United States Attorney, with whom Jorge E. Vega-Pacheco, and Nelson Pérez-Sosa, Assistant United States Attorneys, were on brief, for appellee.


_____


_____

[*]Of the Eastern District of Virginia, sitting by designation.

September 14, 2001
_____

**LYNCH, Circuit Judge**.  Pedro Gómez-Genao, an illegal alien, was convicted of possessing with intent to distribute some thirteen bales of cocaine, smuggled from a beach in Puerto Rico, and aiding and abetting two others to do the same.  21 U.S.C. § 841(a)(1) (1994); 18 U.S.C. § 2 (1994).  He was also convicted of being in the United States illegally.  8 U.S.C. §§ 1326(a)(2) and (b)(2) (1994 & Supp. II 1996).  He left a fake resident alien card with his photograph on it at the scene of the crime.  He was sentenced to twenty years.

Gómez-Genao appeals, arguing that his Sixth Amendment rights were violated by the government's failure to identify a confidential source, Graciano Santana, who was neither a witness to nor a participant in the crimes charged.  Santana's role was different.  He knew Gómez-Genao as "Soler" and Soler had indirectly and directly bragged to him about the drug smuggling, saying that he would receive $1,000 per kilo of cocaine for his role.  Santana told the police, who eventually identified Soler and located him.  The government's reasons for not turning over the name were fears for Santana's safety.  The street value of the 325 bricks of smuggled cocaine was in the millions of dollars, a fact which suggests a large criminal organization, which in turn underlies the government's fear.

The government responded negatively to Gómez-Genao's oral request, first raised in November 1999, for the identity of the

confidential source.  It withheld the name from the <u>Jencks</u> material it provided on June 9, 2000.  <u>Jencks</u> v. <u>United States</u>, 353 U.S. 657 (1957).  Nonetheless, Gómez-Genao did not ever move that the government be compelled to produce the name until June 12, 2000, two days before the trial began.  Gómez-Genao was given the name of the confidential source on June 14, just before trial.  He was given Santana's criminal history as well, and used that history to cross-examine Santana.  The name was given to Gómez-Genao before the court had the opportunity to rule on the motion.

In order to protect the public interest in effective law enforcement, the government may withhold the identity of a confidential source.  <u>Roviaro</u> v. <u>United States</u>, 353 U.S. 53, 59 (1957).  There are limits to withholding that information where the disclosure of the identity of the informant "is relevant and helpful to the defense . . . or is essential to a fair determination of a cause . . . ."  <u>Id.</u> at 60-61.

Gómez-Genao bears the burden of persuasion that he was entitled to the information, a burden described as heavy.  <u>United States</u> v. <u>Robinson</u>, 144 F.3d 104, 106 (1st Cir. 1998).  Had Gómez-Genao filed his motion earlier and given the district court time to rule on it before trial, and had the court so ruled, we would have reviewed that ruling for abuse of discretion.  <u>United States</u> v. <u>Lewis</u>, 40 F.3d 1325, 1335 (1st Cir. 1994).  However, Gómez-Genao

-2-

neither gave the court enough time to rule on the matter pre-trial, nor asked for a continuance, so he is ill-situated to complain.

On appeal, Gómez-Genao has shown neither a need for the information nor that he was prejudiced by not having the information before June 14. See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991) ("[D]efendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses."). We note that Gómez-Genao knew who it was he had bragged to about the crime. Santana was neither a participant in the crime, nor an observer of it. At most he was a tipster. When the informant is a tipster as opposed to a participant in the crime, disclosure of the informant's identity when there is a perceived threat is only required in exceptional circumstances under which it is vital to a fair trial. Lewis, 40 F.3d at 1335. Gómez-Genao speculates that if he had known the identity earlier, he could have hired an investigator. The investigator might have come up with something more, such as whether Santana and Gómez-Genao did eat lunch together in the cafeteria where the bragging occurred. That is not enough.

Affirmed.

# United States Court of Appeals
## For the First Circuit
_____

No. 01-1181


UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO GÓMEZ-GENAO,

Defendant, Appellant.

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]


_____


Before

Lynch and Lipez, Circuit Judges,
and Doumar, Senior District Judge.*


_____


Ernesto Reyes Blassino, for appellant.
Guillermo Gil, United States Attorney, with whom Jorge E. Vega-Pacheco, and Nelson Pérez-Sosa, Assistant United States Attorneys, were on brief, for appellee.


_____


*Of the Eastern District of Virginia, sitting by designation.

September 14, 2001
_____

**LYNCH, <u>Circuit Judge</u>**.  Pedro Gómez-Genao, an illegal alien, was convicted of possessing with intent to distribute some thirteen bales of cocaine, smuggled from a beach in Puerto Rico, and aiding and abetting two others to do the same.  21 U.S.C. § 841(a)(1) (1994); 18 U.S.C. § 2 (1994).  He was also convicted of being in the United States illegally.  8 U.S.C. §§ 1326(a)(2) and (b)(2) (1994 & Supp. II 1996).  He left a fake resident alien card with his photograph on it at the scene of the crime.  He was sentenced to twenty years.

Gómez-Genao appeals, arguing that his Sixth Amendment rights were violated by the government's failure to identify a confidential source, Graciano Santana, who was neither a witness to nor a participant in the crimes charged.  Santana's role was different.  He knew Gómez-Genao as "Soler" and Soler had indirectly and directly bragged to him about the drug smuggling, saying that he would receive $1,000 per kilo of cocaine for his role.  Santana told the police, who eventually identified Soler and located him.  The government's reasons for not turning over the name were fears for Santana's safety.  The street value of the 325 bricks of smuggled cocaine was in the millions of dollars, a fact which suggests a large criminal organization, which in turn underlies the government's fear.

The government responded negatively to Gómez-Genao's oral request, first raised in November 1999, for the identity of the

confidential source. It withheld the name from the <u>Jencks</u> material it provided on June 9, 2000. <u>Jencks</u> v. <u>United States</u>, 353 U.S. 657 (1957). Nonetheless, Gómez-Genao did not ever move that the government be compelled to produce the name until June 12, 2000, two days before the trial began. Gómez-Genao was given the name of the confidential source on June 14, just before trial. He was given Santana's criminal history as well, and used that history to cross-examine Santana. The name was given to Gómez-Genao before the court had the opportunity to rule on the motion.

In order to protect the public interest in effective law enforcement, the government may withhold the identity of a confidential source. <u>Roviaro</u> v. <u>United States</u>, 353 U.S. 53, 59 (1957). There are limits to withholding that information where the disclosure of the identity of the informant "is relevant and helpful to the defense . . . or is essential to a fair determination of a cause . . . ." <u>Id.</u> at 60-61.

Gómez-Genao bears the burden of persuasion that he was entitled to the information, a burden described as heavy. <u>United States</u> v. <u>Robinson</u>, 144 F.3d 104, 106 (1st Cir. 1998). Had Gómez-Genao filed his motion earlier and given the district court time to rule on it before trial, and had the court so ruled, we would have reviewed that ruling for abuse of discretion. <u>United States</u> v. <u>Lewis</u>, 40 F.3d 1325, 1335 (1st Cir. 1994). However, Gómez-Genao

-2-

neither gave the court enough time to rule on the matter pre-trial, nor asked for a continuance, so he is ill-situated to complain.

On appeal, Gómez-Genao has shown neither a need for the information nor that he was prejudiced by not having the information before June 14.  See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991) ("[D]efendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses.").  We note that Gómez-Genao knew who it was he had bragged to about the crime.  Santana was neither a participant in the crime, nor an observer of it.  At most he was a tipster.  When the informant is a tipster as opposed to a participant in the crime, disclosure of the informant's identity when there is a perceived threat is only required in exceptional circumstances under which it is vital to a fair trial.  Lewis, 40 F.3d at 1335.  Gómez-Genao speculates that if he had known the identity earlier, he could have hired an investigator.  The investigator might have come up with something more, such as whether Santana and Gómez-Genao did eat lunch together in the cafeteria where the bragging occurred.  That is not enough.

Affirmed.